# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30778
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIKE JAMES

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-5970
USDC No. 2:05-CR-59-2

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mike James, federal prisoner # 29268-034, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion, which challenged his conviction for conspiracy to possess cocaine hydrochloride with intent to distribute and possession of 500 grams or more of cocaine hydrochloride with intent to distribute. James contends that his indictment and judgment are flawed and that his Fourth Amendment rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were violated. He also argues that counsel rendered ineffective assistance by failing to file pretrial motions, by failing to investigate, and by failing to pursue a direct appeal. He contends that the district court erred by denying his § 2255 motion without first holding an evidentiary hearing. James also moves this court for authorization to proceed in forma pauperis (IFP) on appeal. James's motion to proceed IFP on appeal is granted.

James has made a substantial showing of the denial of a constitutional right regarding his claim that counsel was ineffective for failing to file a notice of appeal. See 28 U.S.C. § 2253(c)(2); United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). The record does not conclusively indicate whether James asked counsel to file a notice of appeal, making an evidentiary hearing on that issue necessary. See Tapp, 491 F.3d at 266. A COA is granted solely on the issue whether counsel was ineffective for failing to file a notice of appeal. The district court's judgment is vacated and the case is remanded for further proceedings in relation to that claim.

James has failed to make a substantial showing of the denial of a constitutional right in relation to his remaining issues. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Consequently, COA is denied as to those issues. See id.

COA GRANTED IN PART; COA DENIED IN PART; IFP GRANTED; VACATED AND REMANDED.